**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Lisa Shambro,<br><br>　Debtor. | Case No. 23-10824 MER<br><br>Chapter 11 |
| Greenfence, LLC, IBMS, LLC, and Fourteener, LLC<br><br>　Plaintiffs,<br><br>v.<br><br>Lisa Shambro<br><br>　Defendant. | Adversary No. 23-01160 MER |

**ORDER RE: ORDER TO SHOW CAUSE**

　THIS MATTER comes before the Court on the Court's September 9, 2025, Order to Show Cause ("**Show Cause Order**") and the Response to the Show Cause Order filed by plaintiff, Greenfence, LLC ("**Greenfence**").[1]

　Greenfence, IBMS, LLC, and Fourteener, LLC (collectively, "**Plaintiffs**") commenced this proceeding against debtor/defendant, Lisa Shambro ("**Shambro**") on June 26, 2023.  Shambro filed an answer to Plaintiffs' Complaint as well as counterclaims against Plaintiffs on September 27, 2023.[2]  Plaintiffs filed their answer to Shambro's counterclaims ("**Answer**") on October 18, 2023.[3]

　On June 3, 2025, the Court allowed Plaintiffs' counsel to withdraw, leaving Plaintiffs without representation.[4]  Because Plaintiffs are all corporations, Plaintiffs may only appear before this Court through counsel.[5]  As such, the Court ordered Plaintiffs to

---

[1] ECF Nos. 96 & 98.

[2] ECF No. 16.

[3] ECF No. 19.

[4] ECF No. 87.

[5] *See Flora Construction Company v. Fireman's Fund Company*, 307 F.2d 413, 414 (10th Cir. 1962), cert denied, 371 U.S. 950, 83 S.Ct. 505, 9 L.Ed 499 (1963).

retain counsel by July 18, 2025; otherwise, the proceeding would be dismissed.[6] Plaintiffs failed to retain counsel or to request an extension of time to do so by the July 18th deadline.  On July 30, 2025, Shambro filed her Amended Motion for Summary Judgment ("**Summary Judgment Motion**"), to which Plaintiffs failed to respond.[7]  After Plaintiffs failed to retain counsel or respond to the Summary Judgment Motion, the Court entered its Show Cause Order.  Per the Show Cause Order, Plaintiffs were to show why Plaintiffs' claims against Shambro and defenses to Shambro's counterclaims should not be dismissed.  Plaintiffs had until September 23, 2025, to submit their response; otherwise, Plaintiffs' Complaint would be dismissed, and their Answer would be stricken.  Plaintiffs failed to respond to the Show Cause Order by the deadline.  More than a week later, Greenfence filed its response to the Show Cause Order.  Neither IBMS nor Fourteener filed responses.  Greenfence asserts, among other things, that it only recently became aware of the Show Cause Order and failed to respond by the deadline because the employee overseeing this adversary proceeding, Kelvin Harris ("**Harris**"), recently moved overseas.  Greenfence asserts Harris' departure prevented it from obtaining counsel and from responding to the Show Cause Order.  As such, Greenfence requests the Court grant it an extension of time to finalize retaining counsel, and to respond to Shambro's Motion for Summary Judgment.

Pursuant to Fed. R. Bankr. P. 9006(b)(1)(B), the Court may extend a deadline after it expires if the moving party's failure to act by the deadline was the result of excusable neglect.  The determination of whether neglect is "excusable" is an equitable one that takes all relevant circumstances surrounding a party's omission into account.[8]  These include the danger of prejudice to the debtor, the length of the delay and its potential impacts on other proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.[9]  "Fault in the delay is perhaps the single most important factor in determining whether neglect is excusable."[10]  The burden of proving excusable neglect lies with the moving party.[11]

The Court does not find Greenfence's failure to retain counsel or respond to the Show Cause Order and the Summary Judgment Motion can be attributed to excusable neglect because the fault in the delay rests entirely with Greenfence.  Greenfence was made aware that its counsel was withdrawing, and that it was responsible for complying

---

[6] ECF No. 88.

[7] ECF No. 95.

[8] *Pioneer Inv. Services Co. v. Brunswick Associations Ltd. Partnership*, 507 U.S. 1489, 1498 (1993); *In re Fong*, 20-16813-JGR, 2021 WL 642259, at *3 (Bankr. D. Colo. 2021).

[9] *Pioneer Inv. Services Co.*, 507 U.S. at 1498.

[10] *In re Fong*, 20-16813-JGR, 2021 WL 642259, at *3 (*citing United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

[11] *Id.* (*citing In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005)).

with all Court orders and deadlines.[12]  All orders and other filings were sent directly to Greenfence at 410 South Rampart Boulevard, Las Vegas, Nevada 89145.[13]  This is the same address listed on Greenfence's Response to the Show Cause Order.  Greenfence had more than a month to retain new counsel, yet it failed to do so or to request additional time.  The Court could have dismissed the proceeding after Greenfence failed to retain counsel; however, it gave the party time to respond to the Summary Judgment Motion.  After Greenfence failed to respond to the Summary Judgment Motion, the Court gave Greenfence another two weeks to explain why it was unable to retain counsel and respond to the Summary Judgment Motion.  Greenfence again failed to respond by the deadline.  Despite having approximately three months to retain counsel and respond to all necessary motions and orders, Greenfence has continuously failed to do so.  Therefore the Court

ORDERS, Greenfence's request for an extension of time is DENIED. The Court

FURTHER ORDERS, the Plaintiffs' Complaint is DISMISSED.  The Court

FURTHER ORDERS, the Plaintiffs' Answer to Shambro's Counterclaims is STRICKEN.  The Court

FURTHER ORDERS, Shambro shall file a motion for default judgment on her counterclaims by **November 17, 2025**.

Dated October 20, 2025                    BY THE COURT:

Michael E. Romero
United States Bankruptcy Court

---

[12] ECF No. 85 at 3, ¶ F.

[13] ECF Nos. 87, 89, 90, & 97.