## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
## The Honorable Michael E. Romero

| | |
|---|---|
| In re:<br><br>Lisa Shambro,<br><br>    Debtor. | Case No. 23-10824 MER<br><br>Chapter 11 |
| Greenfence, LLC, IBMS, LLC, and Fourteener, LLC<br><br>    Plaintiffs,<br><br>v.<br><br>Lisa Shambro<br><br>    Defendant. | Adversary No. 23-01160 MER |

### ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

THIS MATTER comes before the Court on the Motion for Relief from Judgment or Order Pursuant to Fed. R. Civ. P. 54(b) and 60(b) ("**Motion**") filed by Plaintiffs Greenfence, LLC and IBMS, LLC, for itself and derivatively on behalf of Fourteener, LLC (collectively, the "**Plaintiffs**"), Debtor/Defendant Lisa Shambro's ("**Shambro**") response thereto, and Plaintiffs' reply.[1]

### BACKGROUND

Plaintiffs commenced this adversary proceeding against Shambro on June 26, 2023.  Shambro filed her answer and counterclaims against Plaintiffs on September 27, 2023.  On May 16, 2025, Plaintiffs' counsel filed a motion to withdraw ("Withdrawal Motion"), which the Court granted. Because Plaintiffs are all corporations and therefore cannot represent themselves, the Court entered an order on June 3, 2025, directing Plaintiffs to retain new counsel by July 18, 2025 ("**Order to Retain**").

The Court advised Plaintiffs that failure to retain new counsel would result in dismissal of the proceeding without further notice. Plaintiffs failed to retain counsel by the July 18th deadline.  On July 28, 2025, Shambro filed a motion for summary judgment ("Summary Judgment Motion"), to which Plaintiffs did not respond.  Despite Plaintiffs' failure to respond to the Summary Judgment Motion and to retain counsel, the Court allowed Plaintiffs to show cause why their claims against Shambro and their defenses to her counterclaims should not be dismissed.  The Court warned Plaintiffs

---

[1] ECF No. 114, 118, & 121.

that failure to show cause by September 23, 2025, would result in dismissal of Plaintiffs' complaint and the striking of Plaintiffs' answer to Shambro's counterclaims.

Plaintiffs failed to show cause by the September 23rd deadline.  Instead, acting pro se, Plaintiffs filed a late response on October 6, 2025.  In the response, Plaintiffs asserted that they were in the process of retaining counsel and that they had failed to comply with the Court's orders and meet deadlines because the primary employee overseeing the proceeding had recently moved overseas.  On October 14, 2025, Shambro filed a motion to strike Plaintiffs' response, asserting that it was untimely and not filed through counsel.  A few days later, the Court entered an order denying Plaintiffs' request for extensions of time, dismissing Plaintiffs' complaint, and striking Plaintiffs' answer to Shambro's counterclaims ("**Dismissal Order**").

The Dismissal Order is incorporated herein.  The Court also directed Shambro to file a motion for default judgment on her counterclaims.  Shambro filed her motion for default judgment on December 1, 2025, to which Plaintiffs did not respond.  As of the date of this Order, the Court has not entered an order on the motion for default judgment, nor has it entered a default judgment in favor of Shambro.  Plaintiffs filed the instant Motion on March 2, 2026, asserting the Dismissal Order should be vacated or revised for several reasons, including that they didn't receive any of the Court's orders or Shambro's Summary Judgment Motion because their mailing addresses are incorrect.

## ANALYSIS

### A.    Standard of Review

Plaintiffs argue the Court should either revise the Dismissal Order pursuant to Fed. R. Civ. P. 54(b) (incorporated by Fed. R. Bankr. P. 7054) or vacate the Dismissal Order under Fed. R. Civ. P. 60(b) (incorporated by Fed. R. Bankr. P. 9024).  Shambro disagrees and argues that consideration under Rule 60(b) is improper because the Dismissal Order is not final.[2]  Instead, Shambro asserts any reconsideration of the Dismissal Order should be considered under Rule 55(c) (incorporated by Fed. R. Bankr. P. 7055), which deals with setting aside defaults.

The applicable standard in this instance is Rule 54(b).[3]  Rule 60(b) does not apply because the Dismissal Order is not final since it does not fully dispose of Shambro's counterclaims.[4]  Similarly, Rule 55(c) does not apply because a clerk's default has not been

---

[2] Any use of the term "Rule" hereafter means the Federal Rules of Civil Procedure unless otherwise stated.

[3] *In re Winkle*, Adv. Proc. No. 15-01047, 2016 WL 920393, at *1 (Bankr. D.N.M. 2016) ("Rule 54(b) provides the mechanism for reconsidering interlocutory orders.").

[4] *Id.* ("The standard for reviewing motions to reconsider interlocutory orders is different than for final orders. Rules 59 and 60 govern reconsideration of final orders and judgments.").

entered against Shambro, nor has the Court entered an order granting Shambro's motion for default judgment.  Rule 54(b) states in relevant part that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In other words, a court may revise an interlocutory order at any time before a final judgment is entered.[5]  To succeed on a motion to reconsider an interlocutory order, "a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."[6]  "Even under this lower standard, a motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence."[7]  The Court may consider Rules 59 and 60 when deciding whether to alter or vacate an interlocutory order.[8]

## B.      Plaintiffs Are Not Entitled to Relief Under Rule 54(b)

Plaintiffs argue the Dismissal Order should be revised or vacated because they did not receive any of the Court's orders, including the Order to Retain, after their counsel withdrew.  Plaintiffs attribute the lack of notice to their mailing addresses either being incorrect or incomplete.  Plaintiffs also assert the Withdrawal Motion improperly states that Plaintiffs could represent themselves.  Further, Plaintiffs contend that Shambro did not mail copies of her Summary Judgment Motion to them.  As such, Plaintiffs assert they should not be held accountable for missing deadlines and failing to respond to the Summary Judgment Motion and the Court's orders.  Shambro disagrees.  Instead, Shambro argues Plaintiffs provided her and the Court with the allegedly incorrect mailing addresses when their counsel withdrew.  If these addresses are incorrect, then Plaintiffs had a duty to alert the Court and Shambro and provide the correct addresses.  Upon review of the Motion, response, and reply, the Court does not find that Plaintiffs met their burden to provide additional facts or law of a "strongly convincing nature" that would warrant revising or vacating the Dismissal Order.

### 1.      Plaintiffs Have a Duty to Keep the Court Informed of the Correct Mailing Address

Plaintiffs' primary argument is that they have not received any of the filings in this case since their counsel withdrew because their mailing addresses are incorrect or incomplete.

---

[5] *Mantooth v. Bavaria Inn Restaurant, Inc.*, 360 F.Supp.3d 1164, 1168-69 (D. Colo. 2019) ("While the Federal Rules of Civil Procedure do not directly provide for a motion to reconsider an interlocutory ruling, district courts have broad discretion to reconsider their interlocutory rulings before the entry of judgment.).

[6] *Id.* (quoting *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F.Supp.2d 1250, 1256 (D. Colo. 2000)) (internal quotations omitted).

[7] *Id.*

[8] *Id.*

Since Plaintiffs' counsel withdrew, copies of the Court's orders have been mailed to the following addresses:

> IBMS, LLC
> 5 Emerson Street, Suite 601
> Denver, Colorado 80218
>
> Greenfence, LLC
> 410 South Rampart Blvd.
> Las Vegas, Nevada 89145-5726

These addresses were provided in the Withdrawal Motion.[9]  The Withdrawal Motion further advised Plaintiffs that they have the burden to keep the Court informed of the mailing address where notices, pleadings, or other documents may be served.[10]  Plaintiffs were further warned that failure to keep the Court informed and comply with the Court's orders may result in the Court dismissing the proceeding.[11]  Plaintiffs do not dispute they reviewed and/or received a copy of the Withdrawal Motion.  Therefore, Plaintiffs were made aware of the addresses provided to the Court, that they were responsible for alerting the Court if such addresses were incorrect, and that failing to do so could result in the proceeding being dismissed or a default being entered.  However, Plaintiffs made no effort to inform the Court that the mailing addresses were incorrect, nor did they alert the Court they were not receiving filings until the instant Motion was filed.  Indeed, Plaintiffs even filed a late response to the Court's Show Cause Order explaining their lack of participation in this proceeding.[12]  Plaintiffs' only explanation was that the employee overseeing this proceeding had relocated overseas, and that the sudden relocation prevented Plaintiffs from retaining counsel sooner.  Notably, Plaintiffs did not assert that the mailing addresses on file with the Court were incorrect, nor that they had not received any filings since their counsel withdrew.  Instead, Plaintiffs waited several months to bring these issues to the Court's attention.  Given that Plaintiffs were made aware of the addresses provided to the Court and that they were responsible for keeping the Court informed if the addresses were incorrect, the Court concludes that Plaintiffs have not met their burden to show that the Dismissal Order should be revised or vacated on this ground.[13]

### 2.  Plaintiffs Had Notice They Were Required to Retain Counsel

Plaintiffs also assert their failure to retain new counsel should be excused because they did not timely receive the Order to Retain, and because their previous counsel did not properly

---

[9] ECF No. 84, ¶ 4(c).

[10] *Id.*, ¶4(d).

[11] *Id.*, ¶4(h).

[12] ECF No. 98.

[13] See *Rodriguez v. New Mexico*, 524 F.Supp.3d 1220, 1221-22 (D.N.M. 2021) (dismissing proceeding where *pro se* litigant failed to comply with local rule requiring litigants to keep the court informed of proper mailing addresses and to maintain contact with the court).

inform them that they cannot represent themselves since they are corporations.  Indeed, Plaintiffs contend the Withdrawal Motion misstates the law because it represented that Plaintiffs could represent themselves by stating that Plaintiffs, "have an obligation either to prepare *personally* for any hearing or trial in a contested matter or adversary proceeding . . . ."[14]  While the Withdrawal Motion does include this statement, Plaintiffs are incorrect that such a statement is a misrepresentation of the law.  Rather, all motions to withdraw filed in this Court must include such statement pursuant to L.B.R. 9010-4(a)(1)(E).  Further, the Withdrawal Motion also includes the following statement:

> Where a withdrawing attorney's client is a corporation, partnership, or other legal entity, such entity cannot appear without an attorney admitted to practice before this Court, and absent prompt appearance of the substitute attorney, pleadings, motions, and other documents may be stricken, and default judgment or other sanctions may be imposed against the entity including dismissal or conversion of its case.[15]

This paragraph is included in both the original and corrected Withdrawal Motions.  As such, Plaintiffs were made aware they needed to retain counsel before the Court ever issued its Order to Retain.  Plaintiffs were also on notice that failure to retain counsel could result in the very consequences they are now subject to.  Given these facts, this argument does not suffice as a proper ground for vacating or revising the Dismissal Order.

### 3.    *Ehrenhaus Factors*

In her response to the Motion, Shambro argues that Plaintiffs' failure to prosecute their claims is grounds enough for dismissal pursuant to Rule 41(b).  In their reply, Plaintiffs assert the Court did not cite Rule 41(b) as grounds for dismissal, and instead, it appears the Court used dismissal as a sanction for Plaintiffs' failure to comply with Court orders.  Plaintiffs assert that this matters because dismissal as a sanction requires an analysis of the factors set forth in *Ehrenhaus v. Reynolds*, which the Court did not address in the Dismissal Motion.[16]

The Court does not agree with Plaintiffs' assertion for several reasons.  First, the Court dismissed this proceeding because Plaintiffs failed to retain new counsel.  As corporations, Plaintiffs can only appear before this Court through counsel.[17]  Plaintiffs were made aware that they were required to be represented by counsel in the Withdrawal Motion.[18]  Despite this fact, Plaintiffs went nearly nine months without retaining new counsel.  The failure to retain counsel

---

[14] ECF No. 84, ¶4(e) (emphasis added).

[15] *Id.*, ¶4(k); ECF No. 80, ¶4(k).

[16] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992).  Shambro also analyzed the *Ehrenhaus* factors in her response.

[17] L.B.R. 9010-1(e); *In re Child Life, Inc.*, 126 B.R. 51, 52 (Bankr. N.D. Ohio 1991) ("Further, a corporation, which is an artificial entity, may act only through an agent and cannot proceed, *pro se*, in federal court.").

[18] ECF No. 85, ¶4(k).

alone is enough to warrant dismissal of this proceeding.[19]  Second, even if the Court dismissed this proceeding solely as a sanction for Plaintiffs' failure to comply with Court orders, the Court is not required to analyze the *Ehrenhaus* factors.  Rather, the *Ehrenhaus* factors are not a rigid test, but are simply criteria a court may consider when deciding whether to impose dismissal as a sanction.[20]

While the Court is not required to address the *Ehrenhaus* factors, it will nonetheless discuss them.  The *Ehrenhaus* factors include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[21]

### a.    Prejudice to Defendant

The first factor to consider is the degree of prejudice Shambro suffered because of Plaintiffs' actions.  Shambro contends she suffered substantial prejudice when Plaintiffs' failed to comply with Court orders by having to litigate and incur substantial attorney fees to defend a proceeding that Plaintiffs consistently ignored.  Plaintiffs disagree and instead argue that the parties have litigated this dispute for years and have both incurred substantial attorney fees.  Plaintiffs also assert that if the Dismissal Order is not vacated, they will lose their claims and defenses without adjudication on the merits, despite not receiving any filings after their counsel withdrew due to the incorrect mailing addresses.

The Court agrees Plaintiffs' actions prejudiced Shambro by causing delays and mounting attorney's fees.  Plaintiffs failed to prosecute this proceeding for nearly nine months because they neglected to inform the Court that their mailing addresses were incorrect, or to retain new counsel despite being told they were required to do both in the Withdrawal Motion.  Shambro was also forced to incur more attorney fees in responding to Plaintiffs' untimely request for an extension of the deadline to retain counsel, filing a motion for default judgment, and responding to arguments Plaintiffs should have made months ago.  As a result, the Court finds this factor weighs in favor of dismissal.

### b.    Interference with the Judicial Process

The next factor to consider is the extent to which Plaintiffs' actions interfered with the judicial process.  Shambro argues Plaintiffs interfered with the judicial process when they failed to retain counsel and failed to respond to the Court's orders and the Summary Judgment

---

[19] *Id.*; *Carrico v. Village of Sugar Mountain*, 114 F.Supp.2d 422, 424 (W.D.N.C. 2000) (finding that *pro se* corporate plaintiff's claims must be dismissed on the ground that plaintiff failed to retain new counsel after its previous counsel withdrew).

[20] *Ehrenhaus v. Reynolds*, 965 F.2d at 921; *Martin v. Sherrod*, 2007 WL 1832036, at *11 (D. Colo. June 25, 2007) (quoting *Ehrenhaus*, 965 F.2d at 921)); *In re Byrnes*, 2023 WL 4362384, at *5 (D.N.M. July 6, 2023) ("The *Ehrenhaus* factors do not constitute a rigid test. Rather, they are factors a court may consider.") (internal quotations omitted).

[21] *Ehrenhaus*, 965 F.2d at 921.

Motion. Shambro also argues that despite obtaining several extensions of the discovery deadlines, Plaintiffs conducted no discovery, disclosed no experts, and failed to appear for their scheduled depositions. As such, Plaintiffs have consistently consumed judicial resources without advancing their case. In contrast, Plaintiffs argue any breakdown of the judicial process is explained by the defective service caused by the incorrect mailing addresses for Plaintiffs.

Plaintiffs failure to inform the Court of the issues with their mailing addresses and to retain counsel interfered with the judicial process. Indeed, Plaintiffs' failures meant they did not respond to several of the Court's orders in a timely manner, leaving this case pending far longer than it should have been. Therefore, the Court finds this factor weighs in favor of dismissal.

### c. Culpability of the Litigant

The third factor is whether Plaintiffs are responsible for the issues giving rise to dismissal. Shambro argues the fault rests entirely with the Plaintiffs because they provided the Court with the incorrect addresses and were obligated to inform the Court if such addresses were incorrect. Plaintiffs again argue that they are not at fault for failing to respond to the Court's orders due to the defective mailing service.

As this Court previously stated, the addresses on file for Plaintiffs were provided to the Court in the Withdrawal Motion. Plaintiffs were made aware through the Withdrawal Motion that they were responsible for keeping the Court informed of their correct mailing addresses. Yet, Plaintiffs didn't inform the Court that their addresses were incorrect for nine months. At a minimum, Plaintiffs should have informed the Court that their addresses were incorrect and that they weren't receiving filings in their October 6, 2025, response to the Show Cause Order. Further, Plaintiffs were made aware in the Withdrawal Motion that they were required to retain counsel, as they are all corporations. Plaintiffs failed to do so. As such, the Court finds that any defect that may have prevented Plaintiffs from participating in this proceeding is entirely the fault of Plaintiffs. Therefore, this factor weighs in favor of dismissal.

### d. Warning of Dismissal as a Sanction

The fourth factor is whether the Court warned Plaintiffs that dismissal was likely if they failed to comply with the Court's orders. Plaintiffs do not dispute that the Court warned them in the Show Cause Order that dismissal was likely. Rather, Plaintiffs assert that the warning was not timely received due to mailing issues. Although Plaintiffs may not have received the Show Cause Order, and thus the Court's warning, until after the response deadline had expired, Plaintiffs were also warned that dismissal was likely in the Withdrawal Motion. Accordingly, the Court finds this factor weighs in favor of dismissal.

### e. Efficacy of Lesser Sanctions

The fifth and final factor to consider is whether a lesser sanction than dismissal is available. Plaintiffs do not suggest a lesser sanction, and the Court does not believe one is appropriate. Plaintiffs were made well aware in the Withdrawal Motion that the possible

sanctions for failing to keep the Court apprised of their correct mailing address and to retain counsel included entry of a default judgment and dismissal of the proceeding.  Therefore, the Court finds this factor weighs in favor of dismissal.

Because all the Ehrenhaus factors, among other things, weigh in favor of dismissal, the Court finds no cause to revise or vacate the Dismissal Motion.

4.      *The Summary Judgment Motion*

Lastly, the Court will briefly address Shambro's Summary Judgment Motion.  Plaintiffs make several arguments regarding the motion, including that Shambro did not mail them a copy and instead served the motion only via electronic filing.

While the Court agrees that Shambro should have attempted to mail a copy of the Summary Judgment Motion to Plaintiffs, any argument related to the motion is irrelevant. Although the Court did not explicitly state in the Dismissal Order that the Summary Judgment Motion is moot, the Court's dismissal of Plaintiffs' Complaint and its order that Shambro file a motion for default judgment on her counterclaims implied that the Motion is moot.  Further, the Summary Judgment Motion remains moot because the Court finds no cause to revise or vacate the Dismissal Order.

## CONCLUSION

For the reasons stated above, the Court

ORDERS the Motion is DENIED.  The Court

FURTHER ORDERS on or before **May 13, 2026**, Shambro shall filed a motion for entry of clerk's default pursuant to Fed. R. Civ. P. 55(a) and L.B.R. 7055-1(a).  Failure to file a motion for entry of clerk's default may result in the Court denying the Motion for Default Judgment without further notice to Shambro.  The Court

FURTHER ORDERS to the extent the Court did not explicitly say so in the Dismissal Order, the Summary Judgment Motion is DENIED as moot.

Dated April 30, 2026                         BY THE COURT:

Michael E. Romero
United States Bankruptcy Court

8